OPINION
{¶ 1} On November 19, 1999, appellee, Michael Schmidt, was injured in a motorcycle accident caused by the negligence of another.
 {¶ 2} At the time of the accident, appellee was employed with appellant, W.L. Logan Trucking Company, and was enrolled in appellant's health care plan administered by Aultcare Corporation. Appellant was responsible for the first $15,000 of an employee's claim. However, if the injured party recovered funds from any third party source, the injured party was to reimburse appellant up to the full amount paid. Aultcare processed claims for appellee well in excess of $15,000.
 {¶ 3} On April 27, 2001, appellee filed a complaint for declaratory judgment seeking underinsured motorists benefits from appellant's commercial motor vehicle insurance policies. Three amended complaints were filed, with the final one filed on October 11, 2001. On October 24, 2001, appellant filed an answer to the third amended complaint and a counterclaim, seeking reimbursement of its $15,000 deductible. Appellee settled with the commercial insurance companies.
 {¶ 4} A bench trial on the counterclaim commenced on November 21, 2002. By judgment entry filed March 10, 2003, the trial court found in favor of appellee.
 {¶ 5} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 6} "The trial court erred in granting judgment in favor of plaintiff, as there was ample evidence before the court proving plaintiff recovered funds from defendant's insurance companies, thus entitling defendant to recover from plaintiff on its subrogation claim."
 II {¶ 7} "The trial court erred in not continuing the evidentiary hearing until such time as defendant could secure the presence of plaintiff."
 I {¶ 8} Appellant claims the trial court erred in entering judgment for appellee. We disagree.
 {¶ 9} A judgment supported by some competent, credible evidence will not be reversed by a reviewing court as against the manifest weight of the evidence. C.E. Morris Co. v. FoleyConstruction Co. (1978), 54 Ohio St.2d 279. A reviewing court must not substitute its judgment for that of the trial court where there exists some competent and credible evidence supporting the judgment rendered by the trial court. Myers v.Garson, 66 Ohio St.3d 610, 1993-Ohio-9.
 {¶ 10} In its judgment entry of March 10, 2003, the trial court specifically found the following:
 {¶ 11} "3. Logan bears the burden of proof with respect to its claim for subrogation as a result of hospital and medical expenses it paid on behalf of Schmidt relative to the 1999 Accident.
 {¶ 12} "4. There was no evidence presented as to whether Schmidt recovered on any claim from a third party source of the type set forth in the summary plan.
 {¶ 13} "5. Absent evidence of whether Schmidt recovered on a claim from a third party source of the type set forth in the summary plan, W.L. Logan's claim for reimbursement for any subrogated amounts necessarily must fail."
 {¶ 14} It is undisputed that appellant had a subrogation agreement or that under the agreement, appellant would be due the $15,000. The issue revolves around whether appellant proved the bills incurred from November 19, 1999 to December 19, 2000 were a result of the November 19, 1999 accident from which appellee recovered from an underinsured policy or a third party source. Appellant argues the pleadings are replete with references to the damages and medical bills as a result of the November 19, 1999 accident. In appellee's October 1, 2002 response to appellant's motion for summary judgment, Attorney Timothy Hanna in his affidavit avers he represented appellee on the personal injury accident, and appellee received proceeds from various third party sources as evidenced by the attached settlement statements, Exhibits B and C.
 {¶ 15} All this being true, did appellant prove the bills enumerated in the individual payment report of December 19, 2000 (Defendant's Exhibit No. 3) were a result of the accident? As noted by the trial court in its judgment entry, appellee's amended complaint claims that as a result of the November 19, 1999 accident, he incurred medical bills in excess of $159,721.30. These bills were not attached to the complaint.
 {¶ 16} We concur with the trial court the record sub judice fails to establish that the December 19, 2000 individual payment report connected the bills to the November 19, 1999 accident or that a third party paid for appellee's medical expenses. We note the amended complaint specifically prayed for the trial court to determine appellant was not entitled to any proceeds. Appellant was put on notice that appellee would require submission of specific proof and appellant failed to do so.
 {¶ 17} Upon review, we find the trial court did not err in finding for appellee.
 {¶ 18} Assignment of Error I is denied.
 II {¶ 19} Appellant claims the trial court erred in denying its request for a continuance to secure the attendance of appellee as a witness for appellant via a subpoena. We disagree.
 {¶ 20} The grant or denial of a continuance rests in the trial court's sound discretion. State v. Unger (1981),67 Ohio St.2d 65. In order to find an abuse of that discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217.
 {¶ 21} After appellant rested its case and while arguing against appellee's motion for directed verdict, appellant requested a continuance to secure appellee's attendance. T. at 42, 44-47.
 {¶ 22} This matter was originally set for trial on June 3, 2002, continued to September 16, 2002, and continued again to November 18, 2002. By order filed November 18, 2002, the trial court notified the parties the trial would commence on November 21, 2002. No subpoenas were issued for appellee for any of the listed dates.
 {¶ 23} Upon review, we find no error by the trial court in denying the request for a continuance.
 {¶ 24} Assignment of Error II is denied.
 {¶ 25} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
Wise, J. and Boggins, J. concur.